KIMBERLY E. COLWELL (SBN 127604)
kcolwell@meyersnave.com
SAMANTHA W. ZUTLER (SBN 238514)
szutler@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 - 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Kelly Schott (SBN 197514)
kschott@dalycity.org
Assistant City Attorney
City of Daly City
333 - 90th Street
Daly City, CA 94015-1895
Telephone: (650) 991-8122
Facsimile: (650) 991-5759

Attorneys for Defendant
CITY OF DALY CITY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFF RODRIGUEZ,

    Plaintiff,

v.

CITY OF DALY CITY,

    Defendant.

Case Number: C-07-00383 CRB

**STIPULATION FOR DISMISSAL WITH PREJUDICE AND FOR ENTRY OF JUDGMENT AND ORDER APPROVING STIPULATION AND DISMISSAL WITH PREJUDICE**

Whereas, Jeff Rodriguez and other City of Daly City police personnel (collectively referred to as "Plaintiffs") filed a complaint in the U.S. District Court for the Northern District of California on or about January 11, 2007, entitled *Jeff Rodriguez, et al v. City of Daly City*, Case No. C 07 0383 ("Action") against the City of Union City for violation of the Fair Labor

1  Standards Act ("FLSA"), alleging, inter alia, that the City had failed to pay the appropriate
2  amount of FLSA overtime compensation;
3      Whereas, each Plaintiff who confirmed his or her choice to join this lawsuit has
4  already signed a "Consent to Join Action (Fair Labor Standards Act, 29 USC § 216(b))" and
5  has not withdrawn his or her consent to this date;
6      Whereas, all parties desire to fully resolve this matter and to avoid incurring further
7  costs and expenses incident to the litigation in this matter;
8      Whereas, the parties agree that this settlement is a resolution of disputed matters and
9  is not, in any way, an admission of liability, fault or wrongdoing on the part of any party;
10     IT IS HEREBY STIPULATED, by and between the parties of this action and through
11 their designated legal counsel, that the above-captioned action will be disposed of as follows:
12     1.    That the Court order that this action be dismissed with prejudice in its entirety
13 as to all parties pursuant to Federal Rule of Civil Procedure 41(a)(2) based upon the terms
14 and conditions stated in the attached Settlement Agreement and General Release of Claims;
15     2.    That the named Plaintiff, on behalf of all Plaintiffs, must sign document(s)
16 evidencing agreement to both this "Stipulation With Prejudice and for Entry of Judgment"
17 and the "Settlement Agreement and General Release of Claims" before any plaintiff can
18 receive any wage payment due;
19     3.    That any action to enforce the attached Settlement Agreement and General
20 Release of Claims be brought in Superior Court of California, in and for the County of
21 Alameda; and
22     4.    That the Clerk of the Court enter final judgment dismissing this action with
23 prejudice in its entirety.
24 / / /
25
26
27
28

| | |
|---|---|
| FOR THE PLAINTIFFS | |
| Dated: August 6, 2008 | By: /s/ Jeff Rodriguez |
| PLAINTIFFS' COUNSEL | |
| Dated: August 6, 2008 | By: /s/ Harry B. Stern |
| | Attorneys for Plaintiffs |
| FOR THE DEFENDANT | |
| Dated: August __, 2008 | By: /s/ Patricia E. Martel |
| Dated: August 6, 2008 | By: /s/ Samantha W. Zutler |
| | Attorneys for Defendant |

## ORDER APPROVING STIPULATION AND DISMISSAL WITH PREJUDICE

The Court having considered the parties' stipulation submitted herein and good cause appearing therefore, IT IS HEREBY ORDERED:

1. That this action is dismissed with prejudice in its entirety as to all parties pursuant to Federal Rules of Civil Procedure 41(a)(2) based upon the terms and conditions stated in the Settlement Agreement and General Release of Claims;

2. That any action to enforce the parties' Settlement Agreement and General Release of Claims be brought in the Superior Court of California, in and for the County of Alameda; and

3. That the Clerk of the Court enter final judgment dismissing this action with prejudice and in its entirety.

IT IS SO ORDERED.

Dated: August __, 2008         By: _____
                                   Hon. Charles R. Breyer
                                   U.S. District Court Judge

1124588

# SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release (Agreement) is made and entered into by and between the City of Daly City (City), Jeff Rodriguez, and other Plaintiffs who have consented to join and who have not withdrawn their consent (collectively "Plaintiffs"), with reference to the following facts (the City and Plaintiffs are collectively referred to herein as the "Parties"):

## RECITALS

A. Whereas, Plaintiffs presently are or were employed by the City of Daly City in the City's Police Department; and

B. Whereas, on January 11, 2007, Plaintiffs filed an action captioned *Jeff Rodriguez, et al v. City of Daly City* in the U. S. District Court for the Northern District of California, Case No C 07 0383 ("the Action") alleging violations of the Fair Labor Standards Act (29 U.S.C. Section 201, et seq.) ("FLSA"); and

C. Whereas, the persons identified on the attached Exhibit A signed a Consent to Join this Action and have not withdrawn their Consent to date; and

D. Whereas, Plaintiffs' Complaint seeks recovery of allegedly unpaid compensation, interest, liquidated damages, a one-year extension of the statute of limitations, attorneys' fees and costs; and

E. Whereas, the City filed an Answer to the Complaint denying its material allegations and asserting affirmative defenses thereto; and

F. Whereas, the Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters; and

G. Whereas, the Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore, based upon their extensive negotiations, agreed to a settlement of the dispute; and

H. Whereas, as a result of their negotiations, the Parties wish to settle the Action and resolve and release all disputes and claims arising out of the Action against the City; and

I. Whereas, the Parties want to enter into this Agreement as hereinafter set forth:

1

NOW THEREFORE, in consideration for the mutual promises and undertakings of the Parties as set forth below, Plaintiffs and the City hereby enter into this Agreement and agree as follows:

1. <u>Recitals</u>. The recitals set forth in this Agreement are true and correct and are hereby fully incorporated by reference into this Agreement. This Agreement affects claims and demands which are disputed, and by executing this Agreement, no Party admits or concedes any of the claims, defenses, or allegations which were raised or could be raised by any other party or any third party. Each Party expressly denies liability for any and all claims or demands. The Parties acknowledge that this is a compromise settlement of a disputed claim or claims. Moreover, neither this Agreement, nor any part of this Agreement, shall be construed to be, nor shall be, admissible in any proceeding as evidence of, or as an admission by, any Party of any violation of law or any wrongdoing whatsoever. This document may be introduced in a proceeding to enforce the terms of the Agreement.

2. <u>Settlement Terms</u>.
   (a) The City will provide a one time total payment (Wage Payment), of $175,562 to Plaintiffs, less any applicable withholdings for state and federal taxes. The Wage Payment represents the agreed upon amount for all compensation allegedly owed to Plaintiffs and all amounts allegedly owed for liquidated damages, a one-year extension of the statute of limitations, interest, and any and all other damages and/or relief recoverable in the Action, with the exception of attorneys' fees, for the full liability period in this Action. The City shall issue a check to each Plaintiff in the amount of $1,641, less all appropriate payroll deductions and withholdings. The total amount of all payments to Plaintiffs shall not exceed $175,562. Each Plaintiff acknowledges that neither the City, nor any of its representatives or attorneys have made any promise, representation or warranty, express or implied, regarding the tax consequences of any amounts paid pursuant to this Agreement.
   (b) In addition to the payment described in paragraph 2(a) of this Agreement, he City will provide the Law Firm of Rains Lucia Stern, PC, (Law Firm) a separate check, payable to the Law Firm and in the amount of $91,938, for attorneys' fees and costs. Except as provided here, each party will bear its own attorneys' fees and costs.
   (c) Payment of the sums described in paragraphs 2(a) and 2(b) are contingent on the Court=s approval of the "Stipulation for Dismissal With Prejudice and For Entry of Judgment; Order Approving Stipulation and Dismissal with Prejudice" ("Stipulation and Order") attached as Exhibit B; and

2

(d) Payment of the Wage Payment listed in paragraph 2(a), and payment to the Law Firm listed in paragraph 2(b), are contingent upon, and will occur within 30 days after, the Court's entry of the Stipulation and Order.

(e) Plaintiffs expressly agree that the allocation of the Settlement Amounts, as provided herein, is fair, just and reasonable and acceptable to them.

3. <u>Resolution of the Action</u>. Each of the Plaintiffs agrees to dismiss, with prejudice, the Action, and to withdraw or dismiss any other complaint, claim, grievance or charge for alleged FLSA violations that he or she has filed against the City up to the date this Agreement is executed. This Agreement extends to any such complaint, claim, grievance or charge for any FLSA violation filed in any state or federal court, with any administrative body, agency, board, commission, or other entity whatsoever. In order to finally and fully resolve this FLSA Action, the counsel for the Parties shall jointly execute the Stipulation and Order, attached hereto at Exhibit B. The Parties expressly consent to and authorize their counsel to execute and seek the Court's approval of the Stipulation and Order on their behalf. The Parties shall submit the Stipulation and Order to the Court at the earliest opportunity and shall jointly request the Court to accept and approve the Stipulation and Order. Counsel shall prepare documentation as may be required by the Court. If for any reason the Court declines to enter and approve the Stipulation and Order, the Parties shall promptly meet and confer in a good faith effort to prepare a form of stipulation and order, or other similar decree, acceptable to the Court and consistent with the terms of this Agreement.

4. <u>Jurisdiction</u>.  This Agreement is executed and delivered in the State of California and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with the laws of the State of California. This Agreement may be executed in counterparts. Except as provided in this Agreement, all executed copies are duplicate originals and are equally admissible in evidence.

5. <u>Right to Appeal</u>. Provided the Court enters the Stipulation and Order, the Parties shall waive all rights to appeal, seek to vacate or set-aside, and collaterally attack such Stipulation and Order.

6. <u>Release of Claims by Plaintiffs</u>. Plaintiffs hereby, on behalf of themselves and their spouses, domestic partners, heirs, representatives, executors, agents, attorneys, administrators, successors-in-interest and assigns, irrevocably and unconditionally release and discharge the City, including its officers and employees, heirs, representatives, executors, agents, attorneys, administrators, and successors-in-interest, from any and all lawsuits, claims, actions, demands or other legal responsibilities of any kind which Plaintiffs have, or may have, against the City, its officers and employees which were asserted in the Action, or which could have been asserted based upon or related to the facts alleged in the Action. Plaintiffs expressly acknowledge that this Release includes any and all claims that Plaintiffs asserted or could have asserted based upon or related to the facts alleged in the Action. Plaintiffs also acknowledge and

3

agree that this release is an essential and material term of this Agreement and without such release, no settlement would have been reached by the Parties.

7. <u>Release of Unknown Claims</u>. Plaintiffs hereby waive any and all rights or benefits that any of them may have under Section 1542 of the Civil Code of the State of California, which provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Plaintiffs, and each of them, respectively, acknowledge that they understand the effect of this waiver pursuant to Civil Code Section 1542, and that they are represented and have been advised of this release by their counsel.

8. <u>Knowledge of Parties</u>. Plaintiffs and City, respectively, understand and agree to the settlement, this Agreement and the terms and conditions contained herein, and enter into this Agreement knowingly and voluntarily. Plaintiffs have been advised that they have the right to seek legal advice with respect to this Agreement, including the release, have had the opportunity to consult with counsel, and have in fact consulted with counsel of their choice. The Parties have investigated the facts pertaining to the settlement and the Agreement and all matters pertaining thereto as deemed necessary. The Parties have relied upon their judgment, belief, knowledge, understanding and expertise after consultation with their counsel concerning the legal effect of the settlement and its terms. By signing this document and the documents referred to herein, the Parties signify their full understanding, agreement, and acceptance of the Agreement, the Stipulation and Order attached as Exhibit B and the Side Letter attached as Exhibit C.

9. <u>Entire Agreement</u>. This Agreement, the Stipulation and Order, and the Side Letter contain the entire agreement of the Parties regarding the subject matter of this agreement and shall constitute the final understanding between the Parties hereto. All prior negotiations made or which have occurred prior to the date of this Agreement are merged into this Agreement.

10. <u>No Additional Representations</u>. Except for the terms of this Agreement, the Stipulation and Order attached as Exhibit B and the Side Letter attached as Exhibit C, Plaintiffs and the City, respectively, have not relied upon any statement or representation, written or oral, made by any Party, or any of their respective agents, attorneys or any other person, regarding any matter including, but not limited to, the federal or state income tax consequences of the Agreement to any Party. The Parties expressly acknowledge and agree that they have relied solely upon the advice of their own attorneys and/or accountants as to the tax and benefit consequences of the Agreement.

4

11. <u>Warranty of Non-Assignment</u>. The Parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

12. <u>Binding Agreement</u>. The Agreement and all documents referred to herein, shall bind and inure to the benefit of and each of the Parties hereto and their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys' successors and assigns. Except as expressly provided herein, this Agreement is not for the benefit of any person not a Party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby. The Agreement is not intended to constitute a third party beneficiary contract.

13. <u>Authority to Execute</u>. Each Party hereto warrants to the other Party or Parties that he, she or it has the full power and authority to execute, deliver and perform under this Agreement and all documents referred to herein, and that any needed consent or approval from any other person has been obtained.

14. <u>Disclosure of Terms</u>. The Parties understand and consent that the City may be required to disclose the terms of this Agreement pursuant to the requirements of the Ralph M. Brown Act, Government Code section 54950, et seq., and the provisions of other law or regulation requiring disclosure of information by public entities.

15. <u>Duty to Act in Good Faith</u>. The Parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed. The Parties shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement. Time is of the essence in this Agreement.

16. <u>Interpretation and Construction</u>. Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein, or have had equal opportunity to do so. The headings used herein are for reference only and shall not affect the construction of this Agreement.

17. <u>Governing Law and Venue</u>. The settlement, this Agreement, and the documents referred to herein, shall be interpreted in accordance with the laws of the State of California, and if necessary Federal Law. To the extent that any Party brings an action to enforce the terms of this Agreement, such action shall be filed and prosecuted in the Alameda County Superior Court and/or the United States District Court for the Northern District of California, to the extent of that court's jurisdiction.

18. <u>Breach, Waiver and Amendment</u>. No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other

5

breach of the same or other provisions of this Agreement. The Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives.

19. <u>Exhibits</u>. All exhibits and schedules attached to this Agreement are hereby incorporated into this Agreement as though fully set forth herein.

20. <u>Execution</u>. This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

21. <u>Effective Date</u>. This Agreement shall become effective immediately following execution by all of the Parties, on the latest date appearing below.

**PLEASE READ CAREFULLY: This Settlement Agreement and General Release of Claims includes a release of known and unknown claims related to this Action.**

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement and General Release.

Dated: 8-6, 2008

By: _____
Jeff Rodriguez, for Plaintiffs

Dated: _____, 2008

By: _____
Patricia E. Martel, City Manager, for Defendant City of Daly City

APPROVED AS TO FORM AND CONTENT:

Dated: 8·6, 2008

By: _____
Harry Stern, Attorneys for Plaintiffs Jeff Rodriguez, et al

Dated: 8/6, 2008

By: _____
Samantha W. Zutler, Attorney for Defendant City Daly City

1132458.1

6

# EXHIBIT A

| # | Name |
|---|---|
| 1 | Andrade, Raul |
| 2 | Asuncion, Reynante |
| 3 | Baroni, Charles |
| 4 | Barton, Michael P. |
| 5 | Begley, Sean |
| 6 | Birmingham, Li Chen |
| 7 | Bocci III, Joseph |
| 8 | Boyes, Javier |
| 9 | Bray, Andre |
| 10 | Brennan, Michael |
| 11 | Bushong, Matthew |
| 12 | Cabatic, Victor |
| 13 | Carman, Robert |
| 14 | Caruso, Joseph M. |
| 15 | Castillo, Hans |
| 16 | Chew, Terrence |
| 17 | Choy, Stan |
| 18 | Christensen, Cameron |
| 19 | Cisneros, Albert |
| 20 | Clay, Webster |
| 21 | Cordellos, Janet |
| 22 | Craig, Jason |
| 23 | Crivello, Joe |
| 24 | Crivello, Yvonne |
| 25 | Dawson, Brent Micholas |
| 26 | Dexter, Marilyn |
| 27 | Digiacomo, Dante |
| 28 | Directo, Jose |
| 29 | Draper, Jamie |
| 30 | Farrar, David |
| 31 | Fox, Matthew |
| 32 | Galvez, Heidi |
| 33 | Gamez, Jon |
| 34 | Green, Edward A. |
| 35 | Gregorio, Edward |
| 36 | Griggs, Donald |
| 37 | Gualco, Timothy |
| 38 | Hannon, Scott |
| 39 | Haralambidis, Michael |
| 40 | Harman, Gregory |
| 41 | Harrison, Ron |
| 42 | Hazelton, Dan |
| 43 | Hensley, Patrick |
| 44 | Hepler, Scott |
| 45 | Hussain, Sheikh |
| 46 | Hyink, Ryan R. |
| 47 | Jackson III, Louis |
| 48 | Jurow, Jeff |
| 49 | Keti, Robert |
| 50 | Keyes, Mark E. |
| 51 | Kim, Jeff |
| 52 | Kimball, Rosina |

| # | Name |
|---|---|
| 53 | Klier, Edward |
| 54 | Kranz, Donald |
| 55 | Larsen, Garrett |
| 56 | Lira, Robert |
| 57 | Lycett, Blake |
| 58 | Mackriss, David |
| 59 | Magalong, Lee |
| 60 | Mattos, Keith |
| 61 | McCarthy, Donald |
| 62 | McCarthy, Donald II |
| 63 | Melville, Brian |
| 64 | Miller, Katie |
| 65 | Moe, Jason |
| 66 | Morgan, Jeffrey |
| 67 | Mulitanopele, Jay |
| 68 | Murphy, James |
| 69 | Mussman, Ronald |
| 70 | Nyhan, Edward |
| 71 | O'Rourke, Michael |
| 72 | Oglesby, Gregg |
| 73 | Ottoboni, Nicholas |
| 74 | Palaby, Norman |
| 75 | Parker, Christopher |
| 76 | Payne, Robert |
| 77 | Perdomo, Bruce A. |
| 78 | Perez, Ira |
| 79 | Petiti, Melinda |
| 80 | Pezzola, Michael |
| 81 | Pires, David |
| 82 | Pon, Brian |
| 83 | Price, Michael |
| 84 | Prows, Allen |
| 85 | Prudden, Thomas |
| 86 | Rodriguez, Jeff |
| 87 | Rohleder, Alex |
| 88 | Rolfer, Harold |
| 89 | Sabins, Sandra |
| 90 | Schiantarelli, Victor |
| 91 | Shiu, Wailun |
| 92 | Siapno, Paul |
| 93 | Silva, Larry |
| 94 | Sloane, Carol A. |
| 95 | Smith, Gary |
| 96 | Sturtevant, Vincent |
| 97 | Tallerico, Jeff |
| 98 | Tashiro, Lilian |
| 99 | Taylor, Lucas |
| 100 | Thurman, Timothy |
| 101 | Toy, Stan |
| 102 | Valdehueza, Cliff |
| 103 | Williams, Jamal |
| 104 | Williams, Tami |

| 105 | Wilson, Douglas |
|-----|-----------------|
| 106 | Woods, Del |
| 107 | Woodworth, Richard |
|     |                 |

# EXHIBIT B

KIMBERLY E. COLWELL (SBN 127604)
kcolwell@meyersnave.com
SAMANTHA W. ZUTLER (SBN 238514)
szutler@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 - 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Kelly Schott (SBN 197514)
kschott@dalycity.org
Assistant City Attorney
City of Daly City
333 - 90th Street
Daly City, CA 94015-1895
Telephone: (650) 991-8122
Facsimile: (650) 991-5759

Attorneys for Defendant
CITY OF DALY CITY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DALY CITY,<br><br>Defendant. | Case Number: C-07-00383 CRB<br><br>STIPULATION FOR DISMISSAL WITH PREJUDICE AND FOR ENTRY OF JUDGMENT AND ORDER APPROVING STIPULATION AND DISMISSAL WITH PREJUDICE |

Whereas, Jeff Rodriguez and other City of Daly City police personnel (collectively referred to as "Plaintiffs") filed a complaint in the U.S. District Court for the Northern District of California on or about January 11, 2007, entitled *Jeff Rodriguez, et al v. City of Daly City*, Case No. C 07 0383 ("Action") against the City of Union City for violation of the Fair Labor

1  Standards Act ("FLSA"), alleging, inter alia, that the City had failed to pay the appropriate
2  amount of FLSA overtime compensation;

3  Whereas, each Plaintiff who confirmed his or her choice to join this lawsuit has
4  already signed a "Consent to Join Action (Fair Labor Standards Act, 29 USC § 216(b))" and
5  has not withdrawn his or her consent to this date;

6  Whereas, all parties desire to fully resolve this matter and to avoid incurring further
7  costs and expenses incident to the litigation in this matter;

8  Whereas, the parties agree that this settlement is a resolution of disputed matters and
9  is not, in any way, an admission of liability, fault or wrongdoing on the part of any party;

10  IT IS HEREBY STIPULATED, by and between the parties of this action and through
11  their designated legal counsel, that the above-captioned action will be disposed of as follows:

12  1.  That the Court order that this action be dismissed with prejudice in its entirety
13  as to all parties pursuant to Federal Rule of Civil Procedure 41(a)(2) based upon the terms
14  and conditions stated in the attached Settlement Agreement and General Release of Claims;

15  2.  That the named Plaintiff, on behalf of all Plaintiffs, must sign document(s)
16  evidencing agreement to both this "Stipulation With Prejudice and for Entry of Judgment"
17  and the "Settlement Agreement and General Release of Claims" before any plaintiff can
18  receive any wage payment due;

19  3.  That any action to enforce the attached Settlement Agreement and General
20  Release of Claims be brought in Superior Court of California, in and for the County of
21  Alameda; and

22  4.  That the Clerk of the Court enter final judgment dismissing this action with
23  prejudice in its entirety.

24  ///

| | | |
|---|---|---|
| 1 | FOR THE PLAINTIFFS | |
| 2 | Dated: August 6, 2008 | By: _____ |
| 3 | | Jeff Rodriguez |
| 4 | PLAINTIFFS' COUNSEL | |
| 5 | Dated: August 6, 2008 | By: _____ |
| 6 | | Harry S. Stern |
| | | Attorneys for Plaintiffs |
| 7 | FOR THE DEFENDANT | |
| 8 | Dated: August __, 2008 | By: _____ |
| 9 | | Patricia E. Martel |
| 10 | Dated: August 6, 2008 | By: _____ |
| 11 | | Samantha W. Zutler |
| | | Attorneys for Defendant |

## ORDER APPROVING STIPULATION AND DISMISSAL WITH PREJUDICE

The Court having considered the parties' stipulation submitted herein and good cause appearing therefore, IT IS HEREBY ORDERED:

1. That this action is dismissed with prejudice in its entirety as to all parties pursuant to Federal Rules of Civil Procedure 41(a)(2) based upon the terms and conditions stated in the Settlement Agreement and General Release of Claims;

2. That any action to enforce the parties' Settlement Agreement and General Release of Claims be brought in the Superior Court of California, in and for the County of Alameda; and

3. That the Clerk of the Court enter final judgment dismissing this action with prejudice and in its entirety.

IT IS SO ORDERED.

Dated: August 12, 2008        By: _____
                              Hon. Charles R. Breyer
                              U.S. District Court

1124588

*IT IS SO ORDERED*
*Judge Charles R. Breyer*

Stipulation for Dismissal and Order        3

# EXHIBIT C

## SIDE LETTER OF AGREEMENT

### Between The City of Daly City Police Officers Association (POA) and the City of Daly City

### REGARDING Fair Labor Standards Act (FLSA) SETTLEMENT

The City and the POA have reached a settlement for the lawsuit brought by 103 members of the POA pursuant to the Fair Labor Standards Act (FLSA) entitled *Jeff Rodriguez, et al v. City of Daly City*, C 07 0383. In general, that FLSA lawsuit alleged, inter alia, that Police Officers should be compensated under the FLSA for the time spent donning and doffing their uniforms, safety gear, and equipment.

1. The City and the POA agree that, notwithstanding any provision in the Memorandum of Understanding between the City of Daly City and the Daly City Police Officers' Association, sworn uniformed patrol officers required to don and doff uniforms and protective gear will have 10 minutes at the beginning and 10 minutes at the end of each shift to do so.

3. In the event that a decision is issued by the Ninth Circuit Court of Appeals or the United States Supreme Court holding that donning and doffing time is not compensable under the FLSA for law enforcement personnel, the City may impose a modified schedule to exclude time for donning and doffing. The City will offer to the POA an opportunity to meet and confer over the impact of such a proposal before implementation.

4. The parties further recognize that the City may impose some changes to operations in order to ensure that there are no potential violations of the FLSA in the future. The City agrees to offer the POA the opportunity to meet and confer about the impact of those proposed changes.

5. As used in this side letter, the term "meet and confer" shall have the same meaning as it does with respect to contract (MOU) negotiations and any impasse reached during that meet and confer process shall be governed by the impasse procedures set forth in Exhibit A, attached hereto.

Dated: August 12, 2008

Patricia E. Martel
City Manager

President

1